UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

D. R. B. (XXX-XXX-2703)  CIVIL ACTION NO. 10-cv-0772

VERSUS  JUDGE HICKS

U.S. COMMISSIONER SOCIAL  MAGISTRATE JUDGE HORNSBY
SECURITY ADMINISTRATION

**REPORT AND RECOMMENDATION**

**Introduction**

Plaintiff was born in 1960 and completed four years of college. He once worked as a sign erector, but he was working in a building maintenance job in March 2007 when he hurt his back while welding a heavy dumpster gate. He stopped working soon afterward, and he applied for disability benefits based on his back pain.

ALJ Romona Scales conducted a hearing and issued a written decision that denied the claim. The Appeals Council denied a request for review, and Plaintiff filed this civil action to seek review under 42 U.S.C. § 405(g). For the reasons that follow, it is recommended that the Commissioner's decision be affirmed.

**Summary of the ALJ's Decision**

In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past

relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity. The claimant bears the burden of showing he is disabled through the first four steps of the analysis; on the fifth, the Commissioner must show that there are jobs that exist in significant numbers that the claimant can perform. If, at any step, the claimant is determined to be disabled or not disabled, the inquiry ends. See Audler v. Astrue, 501 F.3d 446, 447-48 (5th Cir. 2007).

The ALJ found that Plaintiff had not engaged in substantial gainful activity (step one) since the alleged onset of disability. She found that Plaintiff had the following severe impairments (step two): degenerative disc disease with chronic back pain, status post lumbar laminectomy, and obesity. She found that the impairments did not meet or equal in severity one of the listed impairments (step three) found in the regulations. Tr. 14.

She next assessed Plaintiff's residual functional capacity ("RFC"). She found that Plaintiff had the RFC to perform light work, subject to some additional limitations. Light work ordinarily requires the ability to lift up to 20 pounds at a time, with frequent lifting or carrying of objects weighing up to 10 pounds. The ALJ found that Plaintiff could carry only up to 15 pounds occasionally and 10 pounds frequently. She also found that Plaintiff could sit for up to six hours and walk/stand at least two hours in an eight-hour workday, and he could occasionally climb (but never ladders, ropes, or scaffolds), balance, stoop, kneel, crouch, and crawl. She also found that Plaintiff would require "an at-will sit-stand option." Tr. 15.

The ALJ found that Plaintiff's RFC did not permit him to perform his past relevant work (step four) because it was medium. She then turned to step five, which considers whether the claimant is capable of performing the demands of other jobs that exist in significant numbers in the economy. A vocational expert ("VE") testified that a person with Plaintiff's age, education, work experience, and RFC would be able to perform the requirements of jobs such as dispatcher (79,102 jobs in the national economy; 1,243 jobs in Louisiana), which is sedentary, semi-skilled work. Based on that testimony, the ALJ found at step five of the analysis that Plaintiff was not disabled. Tr. 18-19.

**Issues on Appeal**

Plaintiff's brief lists two errors: (1) The ALJ's determination that Plaintiff could perform the dispatcher position is not based on substantial evidence; and (2) There is substantial evidence to support a determination that Plaintiff is unable to perform any work. The focus of the argument with respect to both of these issues is Plaintiff's contention that the ALJ should have accepted Plaintiff's testimony that he needs to lie down during the day, a requirement that the VE testified would eliminate all jobs.

**Standard of Review; Substantial Evidence**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is more than a scintilla and less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Muse v. Sullivan, 925

F.2d 785, 789 (5th Cir. 1991).  A finding of no substantial evidence is justified only if there are no credible evidentiary choices or medical findings which support the ALJ's determination.  Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

**Analysis**

Plaintiff received physical therapy and epidural steroid injections after his work accident in March 2007, but they did not relieve his complaints of pain.  Dr. Kerr performed a lumbar laminectomy in January 2008.  Tr. 201-02.  Three months later, Plaintiff reported no lower extremity pain or numbness, but he continued to have "stubborn low back pain."  Dr. Kerr referred Plaintiff to pain management and prescribed a lumbar brace.  Tr. 199.

The next month, May 2008, Dr. Clinton G. McAlister, an orthopedic surgeon, conducted a consultative examination of Plaintiff at the request of the Agency.  Tr. 180-84.  Plaintiff reported that his surgery had improved his right leg pain, but he still had significant pain in his back, and he was awaiting workmen's compensation approval for injections in his back. Plaintiff said that he had difficulty standing or walking for more than 10 to 15 minutes.  He said that if he sits down or lies down he has to change positions in 30 minutes.  Plaintiff reported difficulties with some matters such as putting on his shoes and socks.  He was taking Oxycodone, Meloxicam, and Lyrica.

Plaintiff walked with a normal gait and no limp.  He had some difficulty getting from sitting to standing, or from supine to sitting, and he had difficulties with bending and squatting.  Plaintiff had a full range of motion of the upper extremities, and 5/5 general strength, as well as grip and pinch strength.  Plaintiff had pain with attempts at extension of

the lumbar spine. Straight-leg raise tests were negative at 70 degrees in the supine position and at 90 degrees in the sitting position. Plaintiff had a full range of motion of the hips, knees, and ankles with 5/5 strength and good stability. X-rays revealed the L-4 laminectomy and "some narrowing" of the L-5 - S-1 disc space.

Dr. McAlister concluded that Plaintiff has "definite organic back difficulties." He said there was "no evidence of symptom magnification" but the "pain intensity level of his back pain subjectively is greater than any objective findings." He believed that Plaintiff could perform at a sedentary to restricted light duty activity level with no lifting over 20 pounds occasionally and 10 pounds frequently. He added that Plaintiff "should be restricted in changing positions every 20-30 minutes with restrictions in standing, sitting, and walking." He added that Plaintiff was a "valid historian but the objective findings do not substantiate the subjective complaints." Tr. 180-84.

The ALJ also reviewed the opinion of a state agency non-examining medical consultant, A. Edward Dean, M.D. The assessment of Dr. Dean included findings that Plaintiff could perform a wide range of light work, including greater lifting ability than found by the ALJ. Dr. Dean wrote that Plaintiff's back condition could cause his symptoms "but not the extent in which he claims." Tr. 186-93.

Plaintiff, who said he was six foot four and weighed 350 pounds, testified that he is "constantly changing a position to alleviate the pain." Tr. 29, 33. Plaintiff said his pain was at 8 to 10 level all day despite his medications. Without the medication, he could only lie in bed and moan. Tr. 34.

Plaintiff testified that he wakes up and sits outside for awhile. He then comes back in to lie down for a while to alleviate his pain. He will then perhaps sit in a chair for a while. The ALJ asked Plaintiff what position he finds himself in for most of the day. Plaintiff answered: "Laying down on my back is my most comfortable position and then after awhile from that, it will, you know, I'll have to shift on my side and then I'll have to, then I'll get up and walk." Tr. 36. Plaintiff later testified that, during an eight-hour day, he would lie down or recline for four hours or more. Tr. 43.

The basis of Plaintiff's appeal is that the ALJ should have found that Plaintiff was required to lie down up to two hours per day. Plaintiff's testimony provides the only evidence that suggests such a limitation. When evaluating such testimony, the ALJ must first determine whether there is a medically determinable impairment that could reasonably be expected to produce the claimant's pain. If the ALJ finds such an impairment, she then has to consider a variety of factors, such as daily activities and treatment for pain, to determine the extent to which the pain limits the claimant's ability to do work activities. 20 C.F.R. § 404.1529; Hillman v. Barnhart, 170 Fed. Appx. 909, 913 (5th Cir. 2006). "Subjective complaints of pain must also be corroborated by objective medical evidence." Chambliss v. Massanari, 269 F.3d 520, 522 (5th Cir. 2001).

The ALJ acknowledged that two-step process. She then reviewed Plaintiff's testimony and found that the statements about the intensity and limiting effects of the symptoms were "not credible to the extent they are inconsistent with" the RFC found by the ALJ. She acknowledged that, despite the surgical success, Plaintiff continued to have discomfort in the

mid and lower back, but "the record does not support wholly incapacitating back pain." Tr. 16. The ALJ proceeded to review in detail the medical history, including the reports of Dr. McAlister and Dr. Dean, both of which supported her RFC findings.

Plaintiff calls attention to Dr. McAlister's statement that he found no evidence of symptom magnification and that Plaintiff was a valid historian. But Dr. McAlister also observed that the subjective pain intensity level was greater than supported by the objective medical findings. That Plaintiff seemed credible to Dr. McAlister is certainly a factor for the ALJ to consider, but so is the lack of objective medical support for the alleged degree of pain and the absence of a finding by McAlister that Plaintiff needed to lie down for much of the day. An ALJ's findings on credibility of the claimant and the debilitating effect of subjective symptoms, based on her first-hand observation of the claimant, are particularly within her province and entitled to judicial deference. Johnson v. Bowen, 864 F.2d 340, 347 (5th Cir. 1988); Falco v. Shalala, 27 F.3d 160, 164 (5th Cir. 1994). There is nothing in Dr. McAlister's report or elsewhere in the record that would permit the court to overturn the ALJ's credibility assessment. Another person might have reasonably come to a different conclusion based on the same record, but that is not the standard of judicial review.

Plaintiff faults the ALJ for not considering all of the regulatory factors found in 20 C.F.R. § 404.1529(c), as discussed in Social Security Ruling 96-7p. The ALJ evaluated Plaintiff's testimony in light of all the objective medical evidence and concluded that the evidence did not support Plaintiff's allegation of disabling back pain, but rather supported the conclusions of the orthopedic specialist and state agency physician that, despite the pain,

Plaintiff could perform a limited range of light work. The ALJ did not explicitly discuss every factor set forth in the regulations, but she did elicit and review the pertinent information and set forth adequate reasons in her written decision to support it and allow meaningful judicial review. Reversal and remand is not required in these circumstances. See, e.g., Hillman, 170 Fed. Appx. at 913; Clary v. Barnhart, 214 Fed. Appx. 479, 482 (5th Cir. 2007) ("The ALJ is *not* required to mechanically follow every guiding regulatory factor in articulating reasons for denying claims or weighing credibility"); and Undheim v. Barnhart, 214 Fed. Appx. 448, 451 (5th Cir. 2007) ("An ALJ is not required to follow formalistic rules when articulating the reasons for his credibility determination").

Plaintiff also faults the ALJ's statement that his subjective complaints are not consistent with the RFC assessed by the ALJ. Plaintiff argues that there is no requirement in the regulations that a claimant's statements about the intensity, persistence, and limiting effects of symptoms be consistent with the RFC assessed by the ALJ for the statements to be found credible. That is, of course, the law, but that is not what the ALJ suggested. The statement that the claims about the symptoms were not credible to the extent they were inconsistent with the RFC was a conclusion, not a reason. The ALJ then proceeded to discuss the evidence and give reasons to support that conclusion. As stated above, the conclusion was supported by credible evidentiary choices and, therefore, substantial evidence, so the Commissioner's decision should be affirmed.

Accordingly,

**IT IS RECOMMENDED** that the Commissioner's decision to deny benefits be affirmed and that Plaintiff's complaint be dismissed with prejudice.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 4th day of August, 2011.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE